UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LAVERIS TOWNSEND, SR., <br> LAVERIS TOWNSEND, JR., <br> LATANYA TOWNSEND, and <br> TERRILL TOWNSEND, <br><br> Plaintiff, <br><br> v. <br><br> HUBERT E. HAMILTON, <br> HAMILTON COUNTY, TENNESSEE <br><br> Defendant. | Case No. 1:19-cv-275-TRM-CHS |

### REPORT AND RECOMMENDATION

**I. Introduction**

*Pro se* plaintiffs Laveris Townsend, Sr., Laveris Townsend, Jr., LaTanya Townsend, and Terrill Townsend, have filed an application to proceed *in forma pauperis* [Doc. 2]. Because their complaint does not state a claim upon which relief can be granted, the undersigned **RECOMMENDS** this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith*

*v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

II.  **Facts**

Plaintiffs' complaint includes only bare-bones allegations. It states as follows:

Defendant deprived me of my equal protection rights by:
(A) Not providing the State Board correct SSN in Workmen's Compensation Case. This was purposely [sic].
(B) Refusing to provide copies of files I requested pertaining to this same case.
(C) Judge # [sic] sent me to Silverdale and refused to allow me time to get legal representation. #Moon as representative of Hamilton County Government [sic].
(D) TN Appeals Court Ruled in my favor (proving my case) of violation of 14th Amendment.

[Doc. 1, Complaint at 2]. Plaintiffs ask for "the amount that the jury decides."

III.  **Discussion**

A.  **Standard of Review**

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN*,

*Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Analysis**

There are multiple shortcomings in this complaint. Plaintiffs seeks to bring a claim for damages for a violation of their "Equal Rights" (which the Court will interpret to mean a violation of their Equal Protection rights under the Fourteenth Amendment). To recover damages for this alleged constitutional violation, Plaintiff must bring a claim under 42 U.S.C. § 1983. Section 1983 provides a vehicle by which a person may recover damages for a violation of rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To make out a claim under 42 U.S.C. § 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997). Moreover, "in order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to Section 1983, a plaintiff averring discrimination must ordinarily allege that a state actor intentionally discriminated against her because of her membership in a protected class." *Young v. Mahning Cty, Ohio*, 418 F. Supp.2d 948, 958 (6th Cir. 2005).

Plaintiffs have not brought their claim under Section 1983 to recover damages for the alleged constitutional violation. Plaintiffs have not alleged facts to show that defendant, Hubert Hamilton, was acting under color of state law and thereby subject to suit under 42 U.S.C. § 1983. Plaintiffs have not alleged that they are members of a class protected by the Equal Protection Clause. These three reasons alone are a sufficient basis to dismiss this action for failure to state a claim, but they are, by no means, the only reasons that the Complaint is deficient. For example, the Complaint names four plaintiffs but fails to identify in the body of the Complaint which plaintiff(s) suffered which alleged misconduct. Further, the Complaint is so devoid of detail that it is impossible for the Court to understand the nature of Plaintiffs' claims. However, it is not the Court's duty, nor would it be appropriate, to advise Plaintiffs how to state their claims. The reasons given are sufficient for dismissal, and it is **RECOMMENDED** that this action be **DISMISSED** without prejudice.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED** as moot.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).